IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| vs. | : | |
| | : | **NO. 07-709** |
| **STANLEY RODRIGUEZ** | : | |

ORDER AND MEMORANDUM

<u>O R D E R</u>

**AND NOW**, this 13th day of December, 2007, upon consideration of the Government's Motion for Detention (Document No. 3, filed Nov. 21, 2007), and the Government's Motion for Revocation of the Magistrate's Release Order (Document No. 16, filed November 30, 2007), and the related submissions of the parties, following an evidentiary hearing on December 5, 2007, for the reasons set forth in the accompanying Memorandum, **IT IS ORDERED** that the Government's Motion for Revocation of the Magistrate's Release Order and the Government's Motion for Detention are **GRANTED** on the ground that, pursuant to 18 U.S.C. § 3142(e) and (f), (a) the Government has proven by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant; and, (b) the Government has proven by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community.

**IT IS FURTHER ORDERED** that defendant, Stanley Rodriguez, be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the Government, the

person in charge of the corrections facility in which defendant is confined deliver defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

## MEMORANDUM

**I. BACKGROUND**

Presently before the Court are the Government's Motion for Revocation of the Magistrate's Release Order and the Government's Motion for Detention. The Motions seek revocation of the Order issued by Magistrate Judge Linda K. Caracappa releasing defendant Stanley Rodriguez on bail. The Magistrate Judge's Order was issued after a hearing on November 21, 2007.

The Magistrate Judge granted bail after noting that defendant had only one prior conviction and that his subsequent arrests had mostly "dissolved" (Hr'g Tr. 21, Nov. 21, 2007) and that defendant had appeared as directed in the instant case. (Id. at 22.) The Magistrate Judge concluded that although defendant had used aliases in the past and "other things," the conditions of a $50,000 own recognizance bond, home detention with electronic monitoring and supervision by a pre-trial services officer were sufficient to assure defendant's appearance and to protect the safety of the community. (Id. at 22-23.)

On December 5, 2007 this Court conducted a hearing on the Government's motions. After reviewing the transcript of the November 21, 2007 hearing before the Magistrate Judge and receiving additional evidence, the Court granted the Government's Motion for Revocation of the Magistrate's Release Order and the Government's Motion for Detention. In this opinion, the Court explains its ruling in more detail. To the extent that this Memorandum differs in any way from the oral ruling issued in open court on December 5, 2007, this Memorandum controls.

## II. STANDARD OF REVIEW / GOVERNMENT'S BURDEN

This Court has jurisdiction to review the Magistrate Judge's decision under 18 U.S.C. § 3145(a)(1). That section requires this Court to conduct a de novo review of the Magistrate Judge's ruling. United States v. Delker, 757 F.2d 1390, 1394-95 (3d Cir.1985). However, "[i]n most cases the district court will find it useful to consider carefully the decision and reasoning of the magistrate." Id. at 1395. The transcript of the hearing before the Magistrate Judge may also be admitted into evidence in the hearing before the District Court. See id. & n.3; see also United States v. Chagra, 850 F.Supp. 354, 357 (W.D. Pa. 1994).

The Government's burden in demonstrating risk of flight justifying pretrial detention is the preponderance of the evidence standard. See United States v. Himler, 797 F.2d. 156, 161 (3d Cir. 1986). The Government's burden in demonstrating danger to the community justifying pretrial detention is the clear and convincing standard. See 18 U.S.C. § 3142(f); Himler, 797 F.2d. at 161. Because there is probable cause to believe that defendant committed an offense for which a maximum term of imprisonment of more that ten (10) years is proscribed by the Controlled Substances Act, 21 U.S.C. § 801 et seq., there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of defendant as required and the safety of the community. See 18 U.S.C. § 3142(e).

## III. FINDINGS OF FACT

This Court makes the following Findings of Fact with respect to pretrial detention:

1. On November 14, 2007 a Grand Jury in this District returned an Indictment charging defendant, Stanley Rodriguez, with the following crimes: Count One-possession with intent to distribute approximately 2,006 grams of cocaine on or about September 9, 2007 in violation of 21

U.S.C. §§ 841(a)(1) and 841(b)(1)(B); Count Two-possession with intent to distribute approximately 2,006 grams of cocaine on or about September 9, 2007 within 1,000 feet of a school, the Cramp School, a public elementary school, located at 3449 North Mascher Street in Philadelphia, and St. Hugh of Cluny School, an elementary school of the Archdiocese of Philadelphia, located at Mascher and Tioga Streets, in violation of 21 U.S.C. § 860.  There is probable cause to believe that defendant committed the crimes charged in the Indictment.

2.  The evidence against defendant as proffered by the Government is strong.  That evidence was summarized by the Government as follows:

On September 9, 2007, plain-clothed officers of the Philadelphia Police Department's Narcotics Field Unit, Violence Response Team, went to 3500 North "A" Street to investigate narcotics activity.  The officers were stopped behind a red Toyota Camry that was doubled parked in the driving lane when they observed defendant hand a black book bag to the driver through the car window.  The driver reached behind himself, retrieved a plastic-covered brick-shaped object, placed it in the book bag and returned it to defendant.  Defendant initially walked down "A" Street, but after receiving a signal from a male who had spotted the police, he abruptly changed direction, threw the book bag onto a garage roof and ran toward Water Street.  The police officers pursued defendant.  One officer remained at the garage, while another chased defendant on foot.  A third officer pursued defendant in the undercover vehicle.

Defendant was apprehended at 3500 North Water Street.  Thereafter, an officer climbed onto the roof of the garage and recovered the black book bag.  Found inside were two (2) kilogram "bricks" of cocaine weighing a total of approximately 2,006 grams.  The scene of the crime was within 1,000 feet of the Cramp School at 3449 North Mascher Street (K-6) and St. Hugh of Cluny School at Mascher and Tioga Streets (K-8).

3. Defendant was convicted in state court on July 19, 1999 for possession with intent to distribute a controlled substance. Due to that conviction, defendant faces a statutory mandatory minimum term of ten (10) years imprisonment on Count One of the Indictment for possession with intent to distribute 500 grams or more of cocaine. See 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii). Under Count Two of the Indictment, defendant faces up to eighty (80) years imprisonment for possession with intent to distribute 500 grams or more of cocaine within a school zone. See 21 U.S.C. § 860(a). The Government estimates a guideline sentencing range of 87-108 months.

4. Defendant fled from the police during commission of the offense.

5. Defendant has seven prior arrests for crimes including possession with intent to distribute, escape, arson, car theft, aggravated assault, robbery, carrying a firearm and burglary.

6. Defendant was charged with escape on April 30, 2000 for failure to return as required while on work-release. Work-release was a component of the sentence imposed on defendant for his July 19, 1999 conviction for possession with intent to distribute. A state court judge found that a prima facie case had been established in the escape case, although that case was later nolle prossed.

7. Defendant has previously violated conditions of bail. While on bail awaiting trial on the charge of possession with intent to distribute a controlled substance (he was convicted for that offense on July 19, 1999), defendant was arrested for a second narcotics offense on December 23, 1998. Defendant again violated conditions of bail by being arrested on July 16, 1999 for aggravated assault, robbery and carrying a firearm. Avoidance of criminal activity was a condition of defendant's bail.

8. Defendant has used at least one alias.  When arrested on April 30, 2000 on the arson charge, he told Philadelphia police officers that his name was "Christopher Santiago."

9. Defendant has strong family ties to the Philadelphia area and his family has offered to post the deed to family-owned property located at 151 W. Lippincott Street, Philadelphia, PA, as security to assure defendant's appearance.  The estimated equity in the property is $75,000.

## IV.  CONCLUSIONS OF LAW

Defendant demonstrated a propensity to flee from the authorities at the time of his arrest in this case.  He has a powerful incentive to flee in view of the substantial penalties that he faces if convicted.  Defendant has used an alias on at least one prior occasion when facing arrest.  Defendant has also been arrested for escape in connection with an earlier conviction and he violated bail while awaiting trial in that case.  While defendant's family has offered to post property as security for his appearance, posting of the property would be insufficient to assure the presence of defendant as required in light of his prior history and the charges in this case.  Under these circumstances, the Court concludes that the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the presence of the defendant as required.

The Government has also presented evidence of defendant's involvement in a large scale drug transaction within 1,000 feet of two schools.  Defendant has a prior conviction for possession with intent to distribute a controlled substance and seven prior arrests.  Although defendant argues that the Court should not consider arrests that did not lead to conviction, Congress specifically permitted courts to consider such arrests as an indication of prior criminal history.  See Delker, 757 F.2d at 1400 (citing S. Rep. No. 225, 98th Cong., 1st Sess. at 23 n. 66, reprinted in 1984 U.S.

Code Cong. & Ad. News at 26 n. 66 (Supp. 9A)) ("The [Bail Reform] Act specifically provides for consideration of prior arrests in the release decision . . . and the legislative history of the Act records Congress' belief that there is a 'significant correlation' between prior criminal history and pretrial rearrest."); <u>United States v. Daniels</u>, 1995 WL 517566, *2 (E.D. Pa. Aug. 29,1995) (same). Accordingly, while the Court places less weight on defendant's arrests that were later dismissed, they are a factor to consider in assuring the safety of the community. Based on all of the evidence presented, the Court concludes that the Government has met its burden of proving by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community.

    In reaching these conclusions the Court notes that because there is probable cause to believe defendant committed an offense for which a maximum term of imprisonment of more than ten years is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 et seq., there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(e). Defendant's evidence–his strong family ties to the Philadelphia area, the fact that members of his family are willing to post property as security for his bail, and his record of appearing in state court as required after his arrest in this case–is insufficient to overcome this presumption.

                                  **BY THE COURT:**

                            <u>**/s/ Honorable Jan E. DuBois**</u>
                                **JAN E. DUBOIS, J.**